M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>SEDRIC O'NEAL WILLIAMS,<br><br>                Defendant. | Case No. F99-0002 CR (JKS)<br><br>**DEFENDANT'S MEMORANDUM REGARDING REQUEST FOR PLACEMENT IN DRUG TREATMENT PROGRAM** |
|---|---|

       Defendant, Sedric O'Neal Williams, by and through counsel M. J. Haden, Staff Attorney, submits the following memorandum in support of his request for placement in a drug treatment program.

**I.      Introduction**

       Mr. Williams is before this court based on a petition to revoke his supervised release.  The petition to revoke alleges that Mr. Williams violated his conditions of supervision by testing positive for marijuana or ecstacy on five occasions.  Mr. Williams has admitted to each of the allegations and is now awaiting disposition before the district court. Mr. Williams has requested that he be allowed to participate in the in-patient drug

treatment program at Clitheroe pending the disposition of his case. After at least a seven week waiting period, a bed is finally available to accommodate his request.

## II.     Supervised Release Revocation

Mr. Williams was placed on a three-year period of supervised release on October 11, 2005, following his 87-month sentence for theft of a firearm. The petition for revocation is based solely on his admitted drug use. No new criminal charges are alleged. Under the advisory guideline in U.S.S.G. § 7B1.4, he is facing a sentencing range of 6 to 12 months. He has been in custody since December 15, 2005.

Under U.S.S.G. § 7B1.4, application note 6, citing 18 U.S.C. §§ 3563(a), 3565(b), and 3583(d) and (g), the sentencing court has the option of continuing Mr. Williams on supervision and, rather than incarceration, placing him in an in-patient drug treatment program. Mr. Williams has requested this option and is amenable to treatment.

One of the goals of supervision is to assist a person newly release from incarceration to reintegrate into society. Although Mr. Williams' offense was drug related, throughout his 87 months of incarceration, he received no drug treatment. A review of his record indicates that he has never had the opportunity to participate in any type of drug counseling.

Throughout his supervision, Mr. Williams has been very candied with his probation officer. He readily admitted his drug use. He advised his probation officer that he believed that he had a drug addiction. He asked for treatment and is very willing to participate in treatment to overcome his addition.

Placement in the Clitheroe program is limited. Although the probation officer sought placement shortly after Mr. Williams' arrest, it has taken over seven weeks for a bed

to become available. There is no treatment available to Mr. Williams at the Anchorage Jail. Based on counsel's experience in other cases, the waiting period for an inmate to participate in the BOP's 500 Hour Drug and Alcohol Program is at least nine months and the program itself takes approximately nine months to complete. Thus, even if Mr. Williams was sentenced to the top end of the advisory guideline range, it is unlikely that he would be placed in the program.

The probation officer has suggested that treatment is the appropriate next step in Mr. Williams' supervision and that Mr. Williams' addiction must be addressed if he is to succeed on supervision. Mr. Williams requests that he be allowed to take advantage of the limited bed space and be placed in the Clitheroe in-patient program immediately.

### III.   Prior Criminal History

Mr. Williams originally was charged in federal court with three counts of possession of a controlled substance with the intent to distribute, three counts of carrying a firearm in furtherance of a drug trafficking crime, and one court of theft of a firearm. After trial, Mr. Williams was acquitted of two counts of possession with intent to distribute. After appeal, Mr. Williams was convicted only of the theft offense. However, his sentence was nearly double that of an individual facing a theft of a firearm charge based on an enhancement for relevant conduct.

Mr. Williams was 19 years old when this case began. He is now 27. He now has the experience and benefit of eight years of incarceration. Throughout this litigation, the government has made much ado of his criminal history; however, this conviction is Mr. Williams' first and only felony conviction. Up until the federal prosecution, Mr. Williams had only been convicted of misdemeanor offenses and had served only six days in jail.

To date, his only conviction for a crime of violence is a misdemeanor DV assault for which Mr. Williams received a sentence of 90 days with 85 suspended. None of Mr. Williams' prior convictions are for weapons misconduct or drug activity.

The government, during this case, has argued at length that Mr. Williams is responsible for three shootings – three shootings, known to state authorities, that Mr. Williams was neither arrested for, indicted for, nor prosecuted for – three shootings that were throughly investigated by law enforcement. The government sought, although unsuccessfully, to enhance Mr. Williams' sentence based on these three shootings. The district court heard evidence regarding Mr. Williams' involvement in the shootings and declined to grant the government's motion for an upward departure. The evidence simply does not support the allegation that Mr. Williams was responsible for any criminal conduct related to these shootings. Mr. Williams suggests that the government's relentless attempts to punish Mr. Williams for these unrelated events are based on the government's displeasure in the final out come of this prosecution.

## IV. Conclusion

Mr. Williams is before this court pursuant to a petition to revoke his supervised release based on drug use. His advisory guideline range is 6 to 12 months. Mr. Williams seeks drug treatment. A bed is currently available at Clitheroe. The probation officer agrees that treatment is appropriate and needed. Mr. Williams respectfully requests that the court allow him to participate in the in-patient drug program pending the disposition in this case.

DATED this 10th day of February, 2005.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Georgia Bar No. 316531
550 West 7th Avenue, Suite 1600
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on February 10, 2006, a copy of the foregoing document was served electronically on:

Stephen Cooper, Esq.

and hand delivered to:

Beth Mader, Probation Officer

/s/ M. J. Haden