
PROB 12C
(7/93)

# United States District Court
### for the
# District of Alaska
### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Sedric O'neal Williams            Case Number: F99-0002CR (JKS)

Sentencing Judicial Officer:        James K. Singleton, Senior U.S. District Court Judge

Date of Original Sentence:          January 14, 2002

Original Offense:                   Theft of a Firearm

Original Sentence:                  87 months imprisonment with 3 years supervised release to follow.

Date Supervision Commenced:         October 11, 2005

Asst. U.S. Attorney: Stephen Cooper              Defense Attorney: R. Noreen

---

### PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Special Condition of Supervision "The defendant shall participate in an inpatient substance abuse treatment program for up to 90 days, approved by the United States Probation Office for substance abuse treatment, which program shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that on or about March 15, 2006, the defendant was Administratively Discharged from the Salvation Army Residential Treatment Facility due to multiple rule infractions. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

   The term of supervised release should be:

        [X]   Revoked
        [ ]   Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:

-1-

Petition for Warrant or Summons
Name of Offender :     Sedric O'neal Williams
Case Number      :     F99-0002CR (JKS)

Respectfully submitted,

*Beth A. Mader*
Beth A. Mader
U.S. Probation/Pretrial Services Officer
Date: March 17, 2006

Approved by:

*Eric D. Odegard*
Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X]  The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  Other:

**REDACTED SIGNATURE**

James K. Singleton  *H R Holliday USDJ*
Senior U.S. District Court Judge

3/17/06
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(i), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio*, 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

-2-

# United States District Court
## for the
## DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case Number: F99-0002CR (JKS) |
| vs. ) | DECLARATION IN SUPPORT OF PETITION |
| ) | |
| Sedric O'neal Williams ) | |

I, Beth Mader, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Sedric O'neal Williams, and in that capacity declare as follows:

The defendant was sentenced to a term of imprisonment for 87 months with three years supervised release to follow. The defendant was released from custody on October 7, 2005 and met with U.S. Probation Officer Mader on October 11, 2005 at which time the defendant tested positive for the use of marijuana and at which time he signed an admission form to the use of marijuana.

On March 8, 2006, a Third Amended Judgement was signed by The Court due to the probation officer filing a petition on December 15, 2005, accusing the defendant of 5 violations of the conditions of supervision provided in the original judgement. The defendant admitted to all the allegations and The Court revoked the defendant's supervised release and reimposed a term of supervision for 30 months. The Court concluded that the conditions of supervision set forth in the court's original judgement are subject to revocation pursuant to 18 U.S.C. § 3583(e); along with the added special conditions of;

> "The defendant shall participate in an inpatient substance abuse treatment program for up to 90 days, approved by the United States Probation office for substance abuse treatment, which program shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol."

On March 10, 2006, the defendant was released from the Anchorage Jail to U.S. Probation Officers Mader and Astle and the defendant was transported to the Salvation Army Clitheroe Center to start his residential treatment program.

On March 15, 2006, a telephonic incremental sanctions meeting took place with Supervising U.S. Probation Officer Odegard and the defendant, where the defendant being reprimanded on some behavioral issues and the defendant was reminded of the importance of completing this treatment and the very serious consequences if he does not.

On March 15, 2006, The Salvation Army Clitheroe Center Administratively Discharged the defendant from their program due to multiple rule infractions.

Executed this 17th day of March, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

_Beth A. Mader_
Beth Mader
U.S. Probation Officer