PROB 12C
(7/93)

## United States District Court
### for the
## District of Alaska
### Supplemental Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Sedric O'neal Williams              Case Number: F99-0002CR (JKS)

Sentencing Judicial Officer:      James K. Singleton, Senior U.S. District Court Judge

Date of Original Sentence:        January 14, 2002

Original Offense:                 Theft of a Firearm

Original Sentence:                87 months imprisonment with 3 years supervised release to follow.

Date Supervision Commenced:       October 11, 2005

Asst. U.S. Attorney: Stephen Cooper              Defense Attorney: R. Noreen

### PETITIONING THE COURT

[X]  To issue a warrant
[ ]  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 2 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on or about April 20, 2006, the defendant was residing in a residence where marijuana was found. This is a Grade C violation. |
| 3 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on or about April 20, 2006, the defendant was residing in a residence where drug paraphernalia was found. This is a Grade C violation. |
| 4 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about March 21, 2006, the defendant violated AS 11.46.510, Forgery in the Second Degree, a class C Felony, in that he obtained a false Instructional Permit from the Alaska Department of Motor Vehicles under the name of Cedric Deshaun Summerville, and signed Summerville's name. This is a Grade B violation. |

Case 4:99-cr-00002-JKS    Document 154    Filed 04/24/2006    Page 2 of 5

Petition for Warrant or Summons
Name of Offender :        Sedric O'neal Williams
Case Number         :        F99-0002CR (JKS)

| | |
|---|---|
| 5 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about March 31, 2006, the defendant violated AS 11.46.510, Forgery in the Second Degree, a class C Felony, in that he obtained a false Drivers License from the Alaska Department of Motor Vehicles under the name of Cedric Deshaun Summerville, and signed Summerville's name. This is a Grade B violation. |
| 6 | The defendant has violated the Standard Condition of Supervision "the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer," in that on or about April 20, 2006, the defendant was in the residence with known felon Kiheam K. Crawford at the time the probation search was executed. This is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

Respectfully submitted,

Beth A. Mader
U.S. Probation/Pretrial Services Officer
Date: April 24, 2006

Approved by:

Eric D. Odegard
Supervising U.S. Probation Officer

*Petition for Warrant or Summons*
*Name of Offender   :   Sedric O'neal Williams*
*Case Number         :         F99-0002CR (JKS)*

THE COURT ORDERS

[X]  *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  Other:

**REDACTED SIGNATURE**

for James K. Singleton
Senior U.S. District Court Judge

4-24-06

Date

---

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(i), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case Number: F99-0002CR (JKS) |
| vs. | ) | **SUPPLEMENTAL** |
| | ) | DECLARATION IN SUPPORT OF PETITION |
| Sedric O'neal Williams | ) | |

I, Beth Mader, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Sedric O'neal Williams, and in that capacity declare as follows:

The defendant was sentenced to a term of imprisonment for 87 months with three years supervised release to follow. The defendant was released from custody on October 7, 2005 and met with U.S. Probation Officer Mader on October 11, 2005 at which time the defendant tested positive for the use of marijuana and at which time he signed an admission form to the use of marijuana.

On March 8, 2006, a Third Amended Judgement was signed by The Court due to the probation officer filing a petition on December 15, 2005, accusing the defendant of 5 violations of the conditions of supervision provided in the original judgement. The defendant admitted to all the allegations and The Court revoked the defendant's supervised release and reimposed a term of supervision for 30 months. The Court concluded that the conditions of supervision set forth in the court's original judgement are subject to revocation pursuant to 18 U.S.C. § 3583(e); along with the added special conditions of;

> "The defendant shall participate in an inpatient substance abuse treatment program for up to 90 days, approved by the United States Probation office for substance abuse treatment, which program shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol."

On March 10, 2006, the defendant was released from the Anchorage Jail to U.S. Probation Officers Mader and Astle and the defendant was transported to the Salvation Army Clitheroe Center to start his residential treatment program.

On March 15, 2006, a telephonic incremental sanctions meeting took place with Supervising U.S. Probation Officer Odegard and the defendant, where the defendant being reprimanded on some behavioral issues and the defendant was reminded of the importance of completing this treatment and the very serious consequences if he does not.

On March 15, 2006, The Salvation Army Clitheroe Center Administratively Discharged the defendant from their program due to multiple rule infractions.

**On April 20, 2006, a search was conducted of the residence, vehicle and property of the defendant, Sedric Williams, at 2955 Suncatcher Drive, Anchorage, Alaska. U.S. Probation Officer (USPO) Liedike and myself were assisted by members of the U.S. Marshal Warrant Task Force (USMWTF)**

**At approximately 1130 hours, all members of the USMWTF arrived at the defendant's residence, while USPO Liedike and myself were stationed approximately 50 yards down the road maintaining full view of the front of the defendant's residence.**

The USMWTF approached the defendant's front door and knocked on the door several times. A short time later, a female looked through the closed blinds out the sliding glass doors on the second level of the residence. The USMWTF knocked on the door again and this time shouted out to the defendant by name instructing him to open the front door. The USMWTF identified who they were and why they were there several times during the initial stage. The female opened up the sliding glass doors on the second level and looked out this time and closed the sliding glass doors. The USMWTF shouted again who they were and why they were there and ordered the defendant to the front door. About 5 minutes from the initial knock on the front door, a tall black male, matching the description of the defendant, looked through the front door shade but did not open the door. The USMWTF again shouted who they were and why they were there and ordered the defendant to open the door slowly. Finally, about 6 minutes from the initial knock on the front door the defendant himself opened up the front door and the USMWTF arrested the defendant without incident.

USMWTF cleared the residence and lead another black male outside in handcuffs for questioning. Once the residence was cleared, USPO Liedike and myself entered the residence and upon entering the top floor there was a heavy odor of marijuana. I noticed the female in the dinning room and completed a safety search of her person and once it was safe I followed her to her bedroom so she could get completely dressed. After the female was dressed she was lead back to the dinning room and sat on a dinning room chair throughout the remainder of the search.

At this time part of the USMWTF team were dispatched away to another call and USPO Liedike and myself remained at the residence along with 2 members of the USMWTF. During a search of the living room we found marijuana and drug paraphernalia on the living room table. There were multiple drug paraphernalia on a kitchen island and additional drug paraphernalia found in the kitchen trash. During a search of the upstairs bedroom there was additional marijuana found on the six drawer dresser and the two night stands next to the bed.

USPO Liedike searched the downstairs bathroom which appeared to have clear water on top of the toilet seat and a clear plastic baggie was found wet and on the ground next to the toilet, along with the plunger next to the toilet being drenched in water.

At approximately 1245 hours, the search was concluded and the evidence was packaged and the female was provided a copy of the paperwork which showed what was being taken into evidence. The 2 remaining USMWTF team members departed the scene in their vehicle and USPO Liedike and myself departed the scene in our vehicle at approximately 1250 hours.

This same day U.S. Probation Officer Mader received notification from OL Photos from the Alaska Department of Motor Vehicles showing the defendant applied for an Instruction Permit on March 21, 2006 under the name Cedric Deshaun Summerville and signed Summerville's name. Additional information was received that on March 31, 2006, the defendant applied for a Driver's license under the name of Cedric Deshaun Summerville and signed Summerville's name. Additionallly, a criminal records check was run on a Mr. Kiheam Kasmin Crawford, who was at the residence at the time of the probation search, it was discovered Mr. Crawford was felon with a history of Theft in the 2nd degree.

Executed this 24th day of April, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

*Beth Mader*
Beth Mader
U.S. Probation Officer