DEBORAH M. SMITH
Acting United States Attorney

STEPHEN COOPER
Assistant United States Attorney
Federal Building and U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701-6282
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: Stephen.Cooper@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:99-cr-2-JKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S DISPOSITION** |
| | ) | **STATEMENT** |
| | ) | |
| SEDRIC O'NEAL WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW Plaintiff, the United States of America, and submits its Disposition Statement, following issuance of the Violation Dispositional Report of June 23, 2006, in preparation for the disposition hearing on violation of supervised release now set for July 31, 2006, at 10:00 a.m.

Plaintiff concurs in the Dispositional Report.

Plaintiff does not foresee the need to present evidence at the disposition hearing, unless in response to matters raised by the defense. The Court's Order of May 24, 2006, docket #168, has entered findings upholding Violations #1, 4 and 5 as alleged in the Petition and Supplemental Petition for warrant of arrest for violation of conditions of supervised release, dated March 20 and April 24 respectively, docket #'s 151 and 154. The factual issues were resolved following the hearing May 8, 9 and 10, 2006. The Court has found that defendant did not participate in good faith in the drug treatment program at the Clitheroe Center (violation #1), and that he obtained and used a forged learner's permit and a forged driver's license (violaitons #4 and #5) while pretending to be one Cedric Summerville. The latter two violations are felony offenses under state law. Defendant presented to a police officer a forged license containing the name of Summerville but displaying defendant's photograph. Defendant is now being prosecuted for these and related offenses by the State.

The Court's Order also noted that defendant had suborned perjury at the May hearing by producing as a witness a female acquaintance who testified that she was in the car when the driver produced the above described forged document to a police

officer, and that the driver was not the defendant herein. The evidence also showed that this same witness had been present at the house where defendant was later arrested on the warrant of this Court, and that at the time of that arrest the witness stated to the probation officer that the defendant whom the marshals had just arrested was Cedric Summerville.

> Permitting Ms. Jacquette to testify that Williams was not in the vehicle clearly suborned perjury and gives some insight into Williams's state of mind regarding obeying the law and cooperating in supervised release.

Order, May 24, 2006, docket #168, at 7.

This is the second time since defendant's release from prison in October 2005 that he has faced proceedings to revoke his supervised release. In both instances, his violations began less than one week from the date of his release. The United States had previously argued for detention rather than placement in a drug rehabilitation program, based on defendant's long and violent record which was set forth in detail in previous filings and summarized in plaintiff's Status Report in Opposition to Release Pending Revocation Proceedings, February 9, 2006, docket #144, which is incorporated herein by this reference.

This Court gave defendant the benefit of a further opportunity to attempt to shake his drug dependency, in the expectation that this would free him from further involvement in crime. That opportunity, however, has led to the developments noted above.

Plaintiff agrees with the statement of sentencing option set forth in Part E of the Dispositional Report. Supervised release for three years is appropriate , and in accordance with the applicable guideline imprisonment range, half of the supervised release, that is, 18 months, would be an appropriate prison term. Defendant's allegedly improved outlook on life and his faith in the Court's wisdom and understanding should find an opportunity to be demonstrated in the remaining 18 months which would be served on supervised release. This disposition would take account of the defendant's history and characteristics as well as the nature and circumstances of the offense. It would afford adequate deterrence to criminal conduct. It would protect the public from further crimes of the defendant, for a time. And it would provide the defendant at least with another opportunity to obtain needed training or other correctional treatment in the most effective manner. Considering the defendant's demonstrated outlook and the need for these benefits of confinement, it would involve no greater deprivation of liberty than has already proven reasonably

necessary for these purposes. It is consistent with the policy statements of the Sentencing Commission. In these ways, it would satisfy the statutory purposes of sentencing and of supervised release. United States v. Eyler, 67 F.3d 1386, 1393 (9th Cir. 1995). Plaintiff requests that sentence be entered accordingly.

RESPECTFULLY SUBMITTED this 21st day of July, 2006, at Fairbanks, Alaska.

                DEBORAH M. SMITH
                Acting United States Attorney

                s//STEPHEN COOPER
                STEPHEN COOPER
                Assistant United States Attorney
                Federal Building and U.S. Courthouse
                101 12th Avenue, Room 310
                Fairbanks, Alaska 99701-6282
                Phone: (907) 456-0245
                Fax: (907) 456-0577
                E-mail: Stephen.Cooper@usdoj.gov
                AK #6911028

**DECLARATION**
I declare under penalty of perjury that the foregoing
**PLAINTIFF'S DISPOSITION STATEMENT**
was served on the following counsel of record
on July  21 , 2006, via electronic means:

M. J. Haden, Assistant Federal Defender
601 West 5th Avenue, Suite 800
Anchorage, Alaska  99501

 /s/ Stephen Cooper
Office of the United States Attorney