M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>SEDRIC O'NEAL WILLIAMS,<br><br>                    Defendant. | Case No. 4:99-cr-0002-JKS<br><br>**AFFIDAVIT OF COUNSEL** |
| STATE OF ALASKA<br><br>THIRD JUDICIAL DISTRICT | ss: |

M. J. Haden, being first duly sworn upon oath, deposes and states:

1.   I am the attorney for defendant in the above-captioned case.

2.   The purpose of this motion is to ask the court for an order directing the U.S. Probation Office and/or the government to return three address/phone books taken from 2955 Suncatcher Drive on April 20, 2006, to Mr. Williams or his designee.

3.   On April 20, 2005, the U.S. Probation Officers Mather and Liedike with the assistance of the U.S. Marshal Warrant Task Force conducted a warrantless search

of 2955 Suncatcher Drive.  Seized from the residence was various drug paraphernalia, a small quantity of marijuana, and three phone books (1 black and 2 brown).  See Attachment A, specifically, No. 10 (Seized/Detained Property Receipt).  Mr. Williams was present at the time of the search.

       4.       On April 24, 2006, the U.S. Probation Officer filed a petition to revoke Mr. Williams supervised release alleging that Mr. Williams was in violation of the standard condition of supervision number 7 by residing in a residence where drug paraphernalia and marijuana was found.  Violations 2 and 3 of Docket No. 154.

       5.       An evidentiary hearing on the petition to revoke was held on May 8, 2006, through May 10, 2006.  The address/phone books were not submitted as evidence or even referred to by the government.  On May 24, 2006, the court issued an order finding that although Mr. Williams was knowingly present in a house where marijuana was being used and where marijuana and marijuana paraphernalia could be found, the government had not carried its burden of proving that Mr. Williams resided in the residence, nor had the government proven that Mr. Williams possessed the marijuana or paraphernalia found in the residence.  The court dismissed violations 2 and 3.  Docket No. 168.  Mr. Williams was sentenced on the remaining violation on July 31, 2006.

       6.       Mr. Williams, through counsel, has requested that the probation department return his address/phone books taken during the search of the Suncatcher residence.  The probation officer has not responded to his request.

       7.       Fed. R. Crim P. 41(g) authorizes this court to direct the government to return property to the person aggrieved by the deprivation of the property.

8. Pursuant to Fed. R. Crim. P. 41(g), Mr. Williams asks this court to enter an order directing the probation department/government to return the address/phone books to him or his designee. The books are not contraband and undersigned is unaware of any evidentiary value they would have at this time.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
M. J. Haden

SUBSCRIBED AND SWORN to before me this 31st day of August, 2006.

STATE OF ALASKA
NOTARY PUBLIC
Lenora L. Roehling
My Commission Expires: March 14, 2007

_____
Notary Public in and for Alaska
My Commission Expires: 3/14/2007

3