M. J. Haden
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>SEDRIC O'NEAL WILLIAMS,<br><br>        Defendant. | Case No. 4:99-cr-0002-JKS<br><br>**DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Defendant, Sedric O'Neal Williams, by and through counsel M. J. Haden, Assistant Federal Defender, submits the following objections to the magistrate judge's recommendation regarding petition to revoke supervised release filed at Docket No. 182.

A court may revoke a defendant's supervised release only where a violation of a condition has been shown by a preponderance of the evidence.  18 U.S.C. § 3583(e)(3); United States v. Lomayaoma, 86 F.3d 142, 146 (9th Cir. 1996); United States v. Meeks, 25 F.3d 1117, 1123 (2$^{d}$ Cir. 1994).  Here, Mr. Williams objects to the court's finding that he knowingly and voluntarily possessed or used cocaine.  [Recommendation at 11, ¶ 5]

"In a revocation context it is clear that 'use' requires knowing and voluntary ingestion." United States v. Courtney, 979 F.2d 45, 49 (5th Cir. 1992); United States v. Clark, 30 F.3d 23 (4th Cir. 1994). Absent voluntary and knowing ingestion there is no "use" of a controlled substance for sentencing or supervised release purposes. Id. A single positive urine test by itself does not distinguish between culpable use and unknowing, involuntary, mistaken, or innocent ingestion or inhalation of a controlled substance.

Mr. Peroutka, from the U.S. Probation Office, testified that cocaine could be ingested in following ways – intravenously, smoking, snorting. He agreed that it could be ingested through skin membranes such as the nose and the mouth. He also stated that it could be ingested by inhaling smoke. [Hearing transcript (TR) at 25-26] However, Mr. Peroutka testified that he was not able to determine, based on lab results, how cocaine go into someone's urine, nor did he know how much cocaine one would have to ingest to have a result of 283 ng. [TR at 28, 29] Ms. Pizzo, from Knoll Lab, testified that "you can't really determine what [283 ng] actually means." Thus, none of the government's witnesses were about to testify as to even approximately how much cocaine or cocaine smoke an individual would have to be exposed to in order to test positive for 283 ng in their system. [TR at 44]

In its analysis, the court notes that Mr. Williams has a history of drug abuse and "a familiarity with cocaine." [Recommendation at 11] Mr. Williams objects to the court's findings that he has a familiarity with cocaine. The only other evidence presented that had anything to do with Mr. Williams being remotely associated with cocaine was a lab report from a sample obtained in December 2005. Mr. Williams denied the 2005 cocaine use when confronted with the initial in-house test. [TR at 58] The results of this lab report

2

were never alleged in any violation petition and thus never contested or examined before the court. [TR at 59,60] Hence, the validity of the test is unfounded and unconfirmed and should not be considered. See Exhibit A, prior petition.

The government has failed to met its burden of proving that Mr. Williams knowingly and voluntarily ingested cocaine. The single, positive urinalysis test, with nothing more, is insufficient to support a finding of drug usage. This is especially significant when the only positive test was preceded and followed by negative test. There was no evidence presented at the hearing that the positive urinalysis test could not have been caused by something other than deliberate use by Mr. Williams. To the contrary, the evidence revealed that cocaine can be ingested in a number of different ways and no government witness had any knowledge as to what exposure would constitute 283 ng. The government failed to eliminate the possibility of passive, unintentional use.

Because the single, positive urinalysis report standing alone did not establish knowingly and voluntary usage by a preponderance of the evidence, Mr. Williams respectfully asks that the court reverse its recommendation and deny the petition.

DATED this 21st day of March, 2007.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Assistant Federal Defender
Alaska Bar No. 0607047
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

<u>Certification</u>:

I certify that on March 21, 2007, a copy of the foregoing document, with attachments, was served electronically on:

Stephen Cooper, Esq.

/s/ M. J. Haden