NELSON P. COHEN
United States Attorney

STEPHEN COOPER
Assistant United States Attorney
Federal Building and U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701-6282
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: Stephen.Cooper@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:99-cr-00002-JKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **RESPONSE TO OBJECTIONS TO** |
| | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| SEDRIC O'NEAL WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW Plaintiff, the United States of America, and responds as follows

to the Objections lodged by defendant to the Court's Report and Recommendation of

March 9, 2007 (doc. 217).

1. Sufficiency of the Evidence

Defendant expressly agrees, Objections at 1, that the applicable standard is

proof by a preponderance of the evidence.  The Court has carefully and in detail set out the legal authorities establishing the proper standard.  Report at 10-11.

Yet, defendant concludes by replacing this standard with another standard for which he offers no authority, namely, that the United States is required to "eliminate the possibility" of passive, unintentional use.  Objections at 3.  To establish defendant's possession and use by a preponderance of the evidence cannot be said to "eliminate the possibility" of unintentional use, nor is such a showing required. According to the majority of circuits, reliable positive urinalysis results derived from laboratory testing amounts to possession and use of the controlled substance so identified.  See United States v. Wirth, 250 F.3d 165, 169 (2d Cir. 2001).

Further, because defendant does not object to the detailed statement of the security of the chain of custody and the unaltered condition of the sample, all as reiterated by the Court's Report, at 5-7, there is no issue in that area.

Instead, based on no evidence in the record, defendant simply argues that the lab test result might be a mistake, or that defendant might have involuntarily or passively ingested the drug.

The mistake theory is valueless, as the testimony of laboratory director Pizzo was detailed and clear and left no room to infer that any mistake could reasonably be found to have occurred, either in handling evidence or in interpreting results.

The theory of possible passive or unintentional use, likewise based on no evidence in the record, is contrary to the above cited authority that reliable test results may establish possession.  It also conflicts with the structure and purpose of the testing criteria used by the United States Courts, requiring a "floor" level of 150 nanograms/milliliter before identifying a positive result.  Whether or not any testimony covered this point, the Court may judicially notice that the likely and logical purpose of such a floor is to eliminate just the kind of unsupported argument here offered by the defense, namely that accidental or passive contact with the drug could have resulted in some of it entering the system.  The 150 ng. floor is meant to move all cases beyond the realm of reasonable possibility that an accident of that nature accounts for the test result.  Defendant's unsupported argument is therefore unavailing to overturn the Court's finding.

2.  <u>Defendant's Familiarity with Cocaine is a Factor in this Case</u>

Finally, defendant objects to the Court's finding that defendant had a history of "familiarity with cocaine."  Objections at 2.  Defendant overlooks the fact that his Presentence Investigation Report, at ¶ 9, shows that his offense of conviction herein, theft of a firearm, occurred within the context of defendant's membership in a gang of six members who lived together in a rented house in Anchorage, that this gang conspired to distribute cocaine, and that the gang was responsible for distributions of

between 5 and 12 ounces of cocaine per week.  He also overlooks the fact that along

with his conviction of theft of a firearm, the same jury also convicted him in the same

trial of possessing crack cocaine with intent to distribute it, and of carrying a firearm

during and in relation to the cocaine offense.  These two counts were later reversed

by the Ninth Circuit on search and seizure grounds, leaving their facts undisturbed.

All these facts, in addition to the positive laboratory result for cocaine in December

2005, more than warrant the inference of defendant's "familiarity with cocaine."

WHEREFORE, the Report and Recommendation should be upheld.

RESPECTFULLY SUBMITTED this 27th day of March, 2007, at Fairbanks,

Alaska.

NELSON P. COHEN
United States Attorney

/s/ Stephen Cooper
STEPHEN COOPER
Assistant United States Attorney
Federal Building and U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701-6282
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: Stephen.Cooper@usdoj.gov
Alaska #6911028

I certify that on March 27, 2007, the
foregoing is being served via the electronic filing
hereof, on defense counsel M. J. Haden.

/s/ Stephen Cooper
Office of the United States Attorney