IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>   vs.<br><br>SEDRIC O'NEILL WILLIAMS,<br><br>                  Defendant. | Case No. 4:99-cr-00002-JKS-JDR<br><br>O R D E R |

       The third, and most recent, recommendation for revocation of Defendant's supervised release, at Docket No. 182, is ripe for decision by this Court.

       Sedric O'Neil Williams was convicted of theft of a firearm in violation of 18 U.S.C. § 924(1) and sentenced to prison to be followed by a period of supervised release. On January 25, 2002, the Defendant was sentenced to 87 months imprisonment with three years supervised release for the offense of Theft of a Firearm in violation of 18 U.S.C. § 924(1). Docket No. 126 (Amended Judgment). Williams's term of supervised release began on October 7, 2005. On December 15, 2005, the United States Probation Service petitioned for revocation of supervised release. Docket No. 137. The Court revoked and reinstated supervised release for a period of 30 months and ordered Williams to participate in a 90-day inpatient substance abuse program. Docket No. 149 (Third Amended Judgment, dated March 10, 2006). On March 20, 2006, the Probation Service again petitioned to revoke Williams's supervised release for failure to participate in the previously ordered substance abuse program. Docket No. 151. Supervised release was revoked and Williams remanded to Bureau of Prison custody for 12 months and one day, with credit for time served on both petitions to revoke supervise release. Docket No. 173 (Fourth Amended Judgment, dated July 31, 2006).

The most recent petition to revoke is based upon a positive urine test for cocaine on January 9, 2007.  Docket No. 182.  The parties consented to hold an evidentiary hearing on a petiton to revoke supervised release before United States Magistrate Judge John D. Roberts.  The hearing was held on February 7, 2007.  Judge Roberts filed his Initial Report and Recommendation recommending that this Court grant the petition to revoke.  Docket No. 217.  Williams filed objections.  Docket No. 218.  Judge Roberts filed his Final Report and Recommendation at Docket No. 231.  This Court has exercised its independent judgment and reviewed the record de novo and concludes that Judge Roberts has properly found the facts and entered proper conclusions of law.  The Court will therefore adopt Judge Roberts findings of fact and conclusions of law.

A few additional remarks are in order.  A typical condition of probation or supervised release forbids possession of prohibited drugs.  A majority of the circuits have concluded that the presence of cocaine residue in the body evidenced by a blood or urine test is sufficient to prove possession of cocaine for purposes of a probation or supervised release revocation.  *See e.g.*, *United States v. Wirth*, 250 F.3d 165 (2d Cir. 2001); *United States v. Hammonds*, 370 F.3d 1032 (10th Cir. 2004); *accord*, *United States v. Baclaan*, 948 F.2d 628, 630 (9th Cir. 1991).  However, in order to prove a violation of the condition, the government must also show that the supervisee knowingly and voluntarily ingested the prohibited substance.  The government, therefore, bears the burden of proving both the act of possessing a prohibited substance (actus rea) and the mental state necessary to ingest the substance (mens rea).  In other words, the government must prove, by a preponderance of the evidence, both that Williams had cocaine in his urine (or blood), and that he knowingly and voluntarily ingested it.

As to the first prong, or actus rea, Judge Roberts concluded that the urine test administered to Williams resulted in a true positive, *i.e.*, that cocaine was present in his body.  No convincing evidence exists that the testing procedure was flawed or resulted in a false positive.  As to mens rea, the second prong that the government must prove, the case turns on Judge Roberts's implicit finding that Williams knowingly and voluntarily ingested cocaine.

ORDER
F:\HOME\JUDGES\DOCS\SHARED\CR/D.Alaska1999\F99-0002.006     2

The Court sees no direct evidence of mens rea.[1] Unlike the court in *Baclaan,* we do not have an admission by Williams that he had used cocaine. In fact, Williams has consistently denied using cocaine. Williams's previous dirty UA's tested positive for marijuana. Williams argues that it is theoretically possible that a person could involuntarily and without knowledge admit cocaine through a membrane into his or her body. The Court assumes counsel have read about this, but they have not shared their reading with the Court. No evidence of this possibility is present in this case. The technician who was asked questions about this was not qualified as an expert on how cocaine gets into the body. More significantly, no person has been qualified as an expert to testify regarding circumstances under which a person could innocently ingest cocaine in quantities sufficient to yield a positive result.

The question is whether it is more likely that Mr. Williams—given his history with this Court and who was found by a valid urine test to have cocaine in his system—knowingly and intentionally ingested cocaine, or that it somehow got into his system innocently. Bearing in mind that mens rea (knowledge and intent) must always be proved circumstantially, it would appear that the evidence in this case was sufficient to support Judge Roberts's implicit finding that Williams knowingly and voluntarily ingested, *i.e.*,used, cocaine and that his use constituted possession of cocaine in violation of the conditions of his supervised release. While the Court would prefer an explicit recognition that a finding of mens rea is necessary for revocation and, further, an explicit finding of mens rea based upon evidence that discussed ways cocaine arrives into the urine, in order to permit a direct inference as to how likely it is that a given individual ingested cocaine innocently, no such evidence was presented.[2]

---

[1] Although the government wants the Court to take judicial notice of the quantity of cocaine, which it argues dispels any chance of innocent ingestion, the government has not provided a basis for this Court to take judicial notice of the significance of the amount.

[2] The phrase burden of proof has three distinct meanings: the burden of pleading, the burden of going forward with the evidence, and the ultimate burden of persuasion. The probation officer satisfies the burden of pleading by filing a petition to revoke probation, supported by an affidavit setting out the facts upon which the petition is based. The ultimate burden of persuasion remains on the government to prove both actus rea and mens rea. It is the burden of going forward with the evidence that is of concern. Where the government proves a positive test for cocaine and further validates the test, it is not unreasonable to place on the defendant the burden of producing some

ORDER
F:\HOME\JUDGES\DOCS\SHARED\CR/D.Alaska1999\F99-0002.006    3

**IT IS THEREFORE ORDERED**:

The petition to revoke supervised release at **Docket No. 182** is **GRANTED**.  A disposition hearing will take place in Courtroom 4 of the United States Courthouse in Anchorage, Alaska, on **Wednesday, June 27, 2007, at 9:00 a.m.**

Dated at Anchorage, Alaska, this 24th day of May 2007.

                                                  /s/ James K. Singleton, Jr.
                                                  **JAMES K. SINGLETON, JR.**
                                                    United States District Judge

---

substantial evidence that he innocently ingested cocaine.  Such evidence might take the form of expert evidence describing ways that cocaine could be innocently ingested, but standing alone this would not be sufficient— it must be coupled with evidence from the defendant that his ingestion was innocent.  Common experience teaches that a positive test usually accompanies intentional use.  If innocent ingestion is a possibility, the defendant is in the best position to know and present the facts.  Of course, if the defendant introduces some evidence that he innocently ingested cocaine, then the government would bear the burden of proving knowing use by a preponderance of the evidence.

ORDER
F:\HOME\JUDGES\DOCS\SHARED\CR/D.Alaska1999\F99-0002.006   4